IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Carlton ROFFA, Attorney at Law.

Supreme Court

*No. 93–2012–D. Filed June 29, 1994.*

(Also reported in 517 N.W.2d 187.)

PER CURIAM.   *Attorney disciplinary proceeding;
attorney's license suspended.*

We review the recommendation of the referee that the license of Attorney Carlton Roffa to practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of the following: failing to turn over a client's file to successor counsel upon demand, borrowing money from a client without fairly and reasonably setting forth the terms of the loan and giving the client a reasonable opportunity to seek independent counsel and advice concerning the transaction, giving that client five checks in repayment of the borrowed funds, four of which were returned for insufficient funds and a fifth for Attorney Roffa's account having been closed, executing a series of promissory notes to that client which Attorney Roffa had no intention of paying, failing to deposit rent money collected on behalf of that client into his trust account, failing to hold other clients' funds in trust and failing to keep adequate trust account records and continuing to practice law after he was prohibited from doing so for failure to pay dues to the State Bar of Wisconsin. In addition to the license suspension, the referee recommended that Attorney Roffa be required, as a condition of license reinstatement, to make restitution to a client the sum of $18,450, with interest on a portion of that amount, or such other amount as the client may agree to.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Roffa's professional misconduct. It is also appropriate to impose restitution as a condition on reinstatement of his license following the period of suspension. By that misconduct, Attorney Roffa placed his own personal, financial interests above the interests of his clients and, by so doing, violated the fundamental principle of a lawyer's professional obligation to clients.

Attorney Roffa was admitted to practice law in Wisconsin in 1954 and maintains his law office in Muskego, Waukesha county. He has been publicly reprimanded twice by the Board of Attorneys Professional Responsibility (Board) for professional misconduct. The Board reprimanded him in May, 1991, for having notarized the signature of his secretary purporting to be the signature of a witness on an affidavit he filed in response to a motion for summary judgment in an action in which he represented the plaintiff. The witness had not appeared before Attorney Roffa to sign the affidavit but gave him permission to sign his name to the affidavit Attorney Roffa had read him over the telephone. In February, 1992, the Board publicly reprimanded Attorney Roffa for having brought two frivolous actions on behalf of a chiropractor to recover payment for medical services; in one of those cases he also filed an appeal that was held to be frivolous.

In this proceeding, Attorney Roffa pleaded no contest to the Board's first amended complaint and the referee, the Honorable John A. Fiorenza, reserve judge, made findings of fact accordingly. In late 1990, Attorney Roffa was retained to represent a client in a post-judgment matter, for which the client gave him two $1,000 checks, together with documents concerning the underlying action. The following spring, the client retained other counsel to represent her, who wrote to Attorney Roffa demanding the return of the client's file. Attorney Roffa did not respond. The referee concluded that Attorney Roffa's failure to return the client's file to which she was entitled constituted a violation of SCR 20:1.16(d).[1]

---

[1] SCR 20:1:16 provides:

**Declining or terminating representation**

. . .

In another matter, over the course of several years, Attorney Roffa borrowed and failed to repay money from a client he had represented in several matters since 1975. Between September, 1978 and May, 1981, Attorney Roffa gave that client five checks, all of which were returned unpaid, four because of insufficient funds and one following the closing of the account. The referee concluded that Attorney Roffa thereby engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of former SCR 20.04(4) and current SCR 20:8.4(c).[2]

In March, 1988, Attorney Roffa acknowledged in writing that he was indebted to the client in this matter in the amount of $5,450, representing the amount he had collected from a tenant on behalf of the client but did not turn over to him. The client brought an action against Attorney Roffa in March, 1991 based on a number of promissory notes Attorney Roffa had given him and recovered a judgment for $18,450, including $3,140.85 for an insufficient funds check Attorney Roffa had given him, $5,450 for monies he had collected on the client's behalf but did not give him, $3,000 on a promissory note and $5,000 in punitive damages. The

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[2] SCR 20:8.4 provides:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

referee concluded that Attorney Roffa violated SCR 20:1.8(a)(1), (2) and (3)[3] by entering into a loan transaction with his client without fairly and reasonably setting forth the terms of the loan, giving the client a reasonable opportunity to seek independent counsel and advice and without securing the client's written consent. The referee also concluded that Attorney Roffa violated SCR 20:1.15(a)[4] by failing to deposit money he collected on behalf of the client into his trust account and engaged in conduct involving dishonesty, fraud, deceit or misrepresentation by drafting and executing a series of promissory notes to the client that he had no intention of paying.

During its investigation of these matters, the Board discovered that Attorney Roffa had written several overdrafts on his trust account and there were discrepancies between deposits and disbursements in that account. None of Attorney Roffa's cash deposit

---

[3] SCR 20:1.8 provides:

**Conflict of interest: prohibited transactions**

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

[4] SCR 20:1.15 provides:

**Safekeeping property.**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients or third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts . . . ..

slips contained any notation regarding the source of funds deposited and in numerous instances he paid costs for clients who had no funds on deposit in his trust account. The referee concluded that Attorney Roffa thereby violated SCR 20:1.15(a) and (e).[5]

Effective November 1, 1993, Attorney Roffa was suspended from the practice of law for failure to pay 1994 State Bar dues. Notwithstanding notification of that suspension, Attorney Roffa continued to engage in the practice of law through March 15, 1994, although he was not reinstated to practice until one month later. The referee concluded that his continuing to practice law following suspension from practice violated SCR 22.26(2).[6]

The referee recommended, as the parties had stipulated, that Attorney Roffa's license to practice law be suspended for six months and, as a condition of reinstatement of his license, that he be required to pay the client from whom he had borrowed money and retained money he had collected on the client's behalf the sum of $18,450, with interest at 5 percent on $13,450 of that

---

[5] SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation.

. . .

[6] SCR 22.26 provides:

**Activities on revocation or suspension of license.**

. . .

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

amount from February 18, 1988, or such other amount as the client may agree to. The referee also recommended that Attorney Roffa be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law concerning Attorney Roffa's professional misconduct. That misconduct warrants the six-month license suspension recommended by the referee.

IT IS ORDERED that the license of Carlton Roffa to practice law in Wisconsin is suspended for a period of six months, commencing August 1, 1994.

IT IS FURTHER ORDERED that, as a condition of reinstatement of that license, Carlton Roffa make restitution as recommended in the report of the referee on file in this proceeding.

IT IS FURTHER ORDERED that within 60 days of the date of this order Carlton Roffa pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Carlton Roffa to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Carlton Roffa comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.